# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: 1:18−cv−01425−RCL

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC v. DOE | Date Filed: 06/15/2018 |
| Assigned to: Judge Royce C. Lamberth | Date Terminated: 11/16/2018 |
| Demand: $150,000 | Jury Demand: Plaintiff |
| Cause: 17:101 Copyright Infringement | Nature of Suit: 820 Copyright |
| | Jurisdiction: Federal Question |

**Plaintiff**

**STRIKE 3 HOLDINGS, LLC**    represented by    **Jessica Haire**
FOX ROTHSCHILD LLP
1030 15th Street, NW
Suite 380 East
Washington, DC 20005
(202) 461−3109
Fax: (202) 461−3102
Email: jhaire@foxrothschild.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**JOHN DOE**
*subscriber assigned IP address
73.180.154.14*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 06/15/2018 | 1 | | COMPLAINT against JOHN DOE with Jury Demand ( Filing fee $ 400 receipt number 0090−5538104) filed by STRIKE 3 HOLDINGS, LLC. (Attachments: # 1 Exhibit A, # 2 Civil Cover Sheet)(Haire, Jessica) (Entered: 06/15/2018) |
| 06/15/2018 | 2 | | LCvR 7.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by STRIKE 3 HOLDINGS, LLC (Haire, Jessica) (Entered: 06/15/2018) |
| 06/15/2018 | | | Case Assigned to Judge Royce C. Lamberth. (zmd) (Entered: 06/18/2018) |
| 08/28/2018 | 3 | | MOTION for Discovery *Prior to Rule 26(f) Conference* by STRIKE 3 HOLDINGS, LLC (Attachments: # 1 Affidavit Lansky, # 2 Affidavit Fieser, # 3 Affidavit Pasquale, # 4 Affidavit Stalzer, # 5 Memorandum in Support, # 6 Text of Proposed Order)(Haire, Jessica) (Entered: 08/28/2018) |
| 09/13/2018 | 4 | | MOTION for Extension of Time to *to Effectuate Service* by STRIKE 3 HOLDINGS, LLC (Attachments: # 1 Text of Proposed Order)(Haire, Jessica) (Entered: 09/13/2018) |

| | | | |
|---|---|---|---|
| 11/16/2018 | 5 | 5 | MEMORANDUM OPINION. Signed by Judge Royce C. Lamberth on 11/16/2018. (lcrcl3) (Entered: 11/16/2018) |
| 11/16/2018 | 6 | 14 | ORDER denying 3 Motion for Discovery, denying as moot 4 Motion for Extension of Time, and dismissing the case without prejudice. Signed by Judge Royce C. Lamberth on 11/16/2018. (lcrcl3) (Entered: 11/16/2018) |
| 12/14/2018 | 7 | 3 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 6 Order on Motion for Discovery, Order on Motion for Extension of Time to, 5 Memorandum & Opinion by STRIKE 3 HOLDINGS, LLC. Filing fee $ 505, receipt number 0090–5841385. Fee Status: Fee Paid. Parties have been notified. (Haire, Jessica) (Entered: 12/14/2018) |

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | ) |
| | ) |
| Plaintiff, | ) Civil Case No. 1:18-cv-01425-RCL |
| | ) |
| v. | ) |
| | ) |
| JOHN DOE subscriber assigned IP address 73.180.154.14, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF APPEAL

Notice is hereby given this 14th day of December, 2018 that Plaintiff, Strike 3 Holdings, LLC, appeals to the United States Court of Appeals for the District of Columbia Circuit from the Order Denying Plaintiff's Motion for Discovery Prior to Rule 26(f) Conference, Denying as Moot Plaintiff's Motion for Extension of Time to Effectuate Service, and Dismissing Plaintiff's Case Without Prejudice which this Court entered on the 16th day of November, 2018 (ECF Doc. No. 6) ("Order"), and the Memorandum Opinion entered on the 16th day of November, 2018 (ECF Doc. No. 5) which gives rise to the Court's Order.

Dated: 12/14/2018

Respectfully submitted,

By: /s/ *Jessica Haire*
Jessica Haire, Esq.
jhaire@foxrothschild.com
Bar No. 1011695
Fox Rothschild LLP
1030 15th Street, NW
Suite 380 East
Washington, DC 20005
Tel.: (202) 461-3100
Fax: (202) 461-3102
www.foxrothschild.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. However, since Defendant is unrepresented, and since I still do not know Defendant's identity, I was unable to serve Defendant with a copy of this Notice of Appeal.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE subscriber assigned <br> IP address 73.180.154.14, <br><br> Defendant. | Civil Case No. 18-1425 |

### MEMORANDUM OPINION

Strike 3 Holdings, LLC produces "award winning, critically acclaimed adult motion pictures." Compl. ¶ 2. Or, as the *Miami Herald* describes, it is "[t]he Steven Spielberg of porn." Adiel Kaplan, *The Steven Spielberg of Porn Sues to Make Floridians Stop Pirating His Raunchy Videos*, Miami Herald (July 12, 2018, 4:48 PM), https://www.miamiherald.com/news/local/article214634930.html.

Strike 3 is also a copyright troll. Its swarms of lawyers hound people who allegedly watch their content through Bittorrent, an online service enabling anonymous users to share videos despite their copyright protection. Since Bittorrent masks users' identities, Strike 3 can only identify an infringing Internet protocol (IP) address, using geolocation technology to trace that address to a jurisdiction. This method is famously flawed: virtual private networks and onion routing spoof IP addresses (for good and ill); routers and other devices are unsecured; malware cracks passwords and opens backdoors; multiple people (family, roommates, guests, neighbors, etc.) share the same IP address; a geolocation service might randomly assign addresses to some general location if it cannot more specifically identify another. *See, e.g.*, James Temple, *Lawsuit*

*Says Grandma Illegally Downloaded Porn*, S.F. Chron. (July 15, 2011, 4:00 AM), https://www.sfgate.com/business/article/Lawsuit-says-grandma-illegally-downloaded-porn-2354720.php. Simply put, inferring the person who pays the cable bill illegally downloaded a specific file is even less trustworthy than inferring they watched a specific TV show. But in many cases, the method is enough to force the Internet service provider (ISP) to unmask the IP address's subscriber. And once the ISP outs the subscriber, permitting them to be served as the defendant, any future Google search of their name will turn-up associations with the websites *Vixen*, *Blacked*, *Tushy*, and *Blacked Raw*. The first two are awkward enough, but the latter two cater to even more singular tastes.

Little wonder so many defendants settle. Indeed, the copyright troll's success rate comes not from the Copyright Act, but from the law of large numbers. According to PACER, over the past thirteen months, Strike 3 has filed 1849 cases just like this one in courts across the country—forty in this district alone—closely following the copyright trolls who together consumed 58% of the federal copyright docket in 2015. These serial litigants drop cases at the first sign of resistance, preying on low-hanging fruit and staying one step ahead of any coordinated defense. They don't seem to care about whether defendant actually did the infringing, or about developing the law. If a Billy Goat Gruff moves to confront a copyright troll in court, the troll cuts and runs back under its bridge. Perhaps the trolls fear a court disrupting their rinse-wash-and-repeat approach: file a deluge of complaints; ask the court to compel disclosure of the account holders; settle as many claims as possible; abandon the rest. *See* Matthew Sag & Jake Haskell, *Defense Against the Dark Arts of Copyright Trolling*, 103 Iowa L. Rev. 571, 575-80 (2018); *see also infra* text accompanying notes 1–4.

Here, that approach led Strike 3 astray. Because Strike 3's need for discovery does not outweigh defendant's privacy expectation, the Court will deny Strike 3's ex parte motion to subpoena defendant's ISP to discover defendant's identity prior to the 26(f) conference. That sunders Strike 3's entire case, since a failure to identify defendant makes effectuating service impossible. So the Court will dismiss this case without prejudice.

**I. Strike 3 cannot subpoena defendant's ISP because its discovery request lacks sufficient specificity and does not overcome defendant's privacy expectation.**

Strike 3's request for early discovery falls short of Rule 26's requirements. A plaintiff can only discover an unknown defendant's identity through a court order under Rule 26(d)(1). But the rule cabins a district court's discretion to order discovery to circumstances where a plaintiff shows good cause. *See* Fed. R. Civ. P. 26(b)(1). And to show good cause, the D.C. Circuit requires establishing likely personal jurisdiction. *AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 995 (D.C. Cir. 2014). Here, Strike 3 clears that hurdle. *See id.* at 996 (suggesting using geolocation services to track an infringing IP address to D.C. justifies a good-faith belief this court has personal jurisdiction).

Yet the D.C. Circuit never said that was the only requirement. For one, the Court must also balance Strike 3's need for discovery with a potentially-noninfringing defendant's right to be anonymous. Only the Second Circuit has articulated this balance, looking to the plaintiff's showing of a prima facie claim of actionable harm; their discovery request's specificity; their alternative means to obtain the subpoenaed information; the need for the subpoenaed information to advance the claim; and the objecting party's privacy expectation. *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010) (citing *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004) (Chin, J.)); *see also, e.g., Call of the Wild Movie, LLC v. Does 1-*

*1,062*, 770 F. Supp. 2d 332, 351 (D.D.C. 2011) (Howell, J.) (applying this test); *Arista Records v. Does 1-19*, 551 F. Supp. 2d 1, 8 (D.D.C. 2008) (Kollar-Kotelly, J.) (same).

One can hardly blame the D.C. Circuit for its silence. Of the forty cases Strike 3 has filed in this district (including seven on a single day), none have reached the Court of Appeals. Twenty-two have been voluntarily dismissed, all but one following the same formula: Strike 3 files a complaint (identical in every case except for the infringing IP address). A few weeks later, Strike 3 files a motion to subpoena the anonymous defendant's ISP prior to the Rule 26(f) conference (identical in every case except for the particular ISP to be served—Comcast, Verizon, or RCN). Satisfied by Strike 3's showing of likely personal jurisdiction, the court grants the motion, usually providing at least twenty days for the defendant to move to quash the subpoena, and sometimes providing for defendant's continued anonymity. Nothing happens for a few weeks, and then Strike 3 voluntarily dismisses the suit.[1] In the lone exception, Civil Case No. 18-810, the defendant successfully obtained the court's approval to proceed anonymously, and appeared to be preparing a responsive pleading—but Strike 3 dropped the case. The eighteen pending cases are no different: in twelve, the judge recently granted the early discovery motion and Strike 3 is waiting for the ISP to respond[2]; in five, Strike 3's early discovery motion remains pending[3]; and in one, Strike 3 hasn't yet filed its discovery motion.[4] This sounds crazy, but its par for the copyright-trolling course. According to PACER, Malibu Media, LLC—another adult

---

[1] Civil Case Nos. 17-2338, 17-2342, 17-2344, 17-2345, 17-2346, 17-2347, 18-536, 18-537 (allowing defendant to anonymously move to quash), 18-804, 18-805 (allowing defendant to move to proceed anonymously), 18-806, 18-807 (requiring the defendant's anonymity until further court order), 18-808, 18-1193, 18-1197 (prohibiting Strike 3 or the ISP from publicly revealing the defendant's identity), 18-1199 (allowing defendant to move to proceed anonymously), 18-1424, 18-1426, 18-1430, 18-1432, 18-1894.
[2] Civil Case Nos. 18-1192 (allowing defendant to move to proceed anonymously), 18-1198 (allowing defendant to move to proceed anonymously), 18-1427, 18-1429, 18-1431, 18-1898 (requiring the defendant's anonymity until further court order), 18-1899, 18-1902, 18-1903 (allowing defendant to move to proceed anonymously), 18-1904 (requiring the defendant's anonymity until further court order), 18-2205, 18-2206.
[3] Civil Case Nos. 18-1425 (this case), 18-2204, 18-2210, 18-2211, 18-2212.
[4] Civil Case No. 18-1896.

film company—filed 150 cases against anonymous defendants in this district (7183 nationally) from 2012 to 2018, some joining dozens of individuals. How many of those cases reached the Court of Appeals? Zero.

Although the D.C. Circuit has never had the chance to elaborate on its test, the undersigned considers the Second Circuit's test very persuasive. And not for nothing, it comports with the D.C. Circuit's more general observation that, when evaluating good cause under Rule 26, "interests in privacy may call for a measure of extra protection." *In re Sealed Case (Medical Records)*, 381 F.3d 1205, 1215 (D.C. Cir. 2004) (internal quotation marks omitted) (quoting Fed. R. Civ. P. 26(b) advisory committee's note (1970)). "Moreover, in determining which interests to weigh in the Rule 26 balance, courts look to statutory confidentiality provisions, even if they do not create enforceable privileges." *Id.* at 1215-16. In this case, the Court looks to the Communications Act, which protects cable subscribers' names and addresses. 47 U.S.C. § 551(c). *But cf. id.* at (c)(2)(B) (providing for disclosure "pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed").

Applying the Second Circuit's test, and placing great weight on defendant's privacy expectation, the Court will deny Strike 3's motion for early discovery. To be sure, Strike 3's alleged ownership of an infringed copyright sets forth a prima facie claim. So too is the requested information necessary to advance Strike 3's claim, just as subpoenaing the ISP is necessary to get the information.

But Strike 3's request lacks the type of specificity the Second Circuit's test requires: that the request will identify a copyright infringer who can be sued. *See Sony Music*, 326 F. Supp. 2d at 566; *see also Soo Park v. Thompson*, 851 F.3d 910, 928 n.21 (9th Cir. 2017) ("[I]n

5

9

circumstances 'where the identity of alleged defendants will not be known prior to the filing of a complaint . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear . . . that the complaint would be dismissed on other grounds.'" (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642-43 (9th Cir. 1980))). Strike 3 could not withstand a 12(b)(6) motion in this case without resorting to far more intensive discovery machinations sufficiently establishing defendant did the infringing—examining physical evidence (at least the computers, smartphones, and tablets of anyone in the owner's house, as well as any neighbor or houseguest who shared the Internet), and perhaps even interrogatories, document requests, or depositions. Strike 3's requested subpoena thus will not—and may never—identify a defendant who could be sued.

Similarly, even though "defendants have little expectation of privacy in downloading and distributing copyrighted [content] without permission," *Sony Music*, 326 F. Supp. 2d at 566-67, Strike 3 fails to give the Court adequate confidence this defendant actually did the infringing. Given this uncertainty, Strike 3 cannot overcome defendant's weighty privacy expectation. Imagine having your name and reputation publicly—and permanently—connected to websites like *Tushy* and *Blacked Raw*. (Google them at your own risk.) How would an improperly accused defendant's spouse react? His (or her) boss? The head of the local neighborhood watch? The risks of a false accusation are real; the consequences are hard to overstate and even harder to undo. And Strike 3's flawed identification method cannot bear such great weight. Defendant may not be entitled to the same presumption of innocence a criminal defendant enjoys, but the Court remains uncomfortable publicly presupposing defendant partook in particularly prurient pornography given defendant's tenuous connection to the infringement. Since Strike 3's

discovery request lacks the required specificity and does not overcome defendant's privacy expectation, the Court will deny Strike 3's motion for early discovery.

Though Strike 3 admits a protective order could allow defendant to anonymously challenge the subpoena, Br. at 8, that hardly seems fair. That drags defendant into court and foists on them the unenviable burden of hiring a lawyer or defending their reputation pro se, all before they've even been served. That's not how our system of litigation is supposed to work. Moreover, the inconsistency with which courts permit defendants to proceed anonymously illustrates the ineffectiveness of this shield more generally. *See supra* notes 1–2 and accompanying text.

An honest copyright holder might balk at this result, misunderstanding it to slash congressionally endowed defenses against increasingly creative and covert cyberpirates. But the typical case does not involve pornography,[5] nor is this even run-of-the-mill porn. By extension, two factors limit today's holding. First is this content's aberrantly salacious nature. Second is the legion pitfalls associated with Strike 3's tracking and identification of infringers. Given these high stakes—unlikely to appear in more typical cases—the Court will not accept the risk of misidentification. Maybe someday someone will show the Court a method to identify infringers with sufficiently less risk of false accusations. But because Strike 3 fails to do so here, it cannot subpoena defendant's ISP.

---

[5] The Court notes "it is unsettled in many circuits"—including this one—"whether pornography is in fact entitled to protection against copyright infringement." *Liberty Media Holdings, LLC v. Swarm Sharing Hash File*, 821 F. Supp. 2d 444, 447 (D. Mass. 2011); *see also Next Phase Distb., Inc. v. John Does 1-27*, 284 F.R.D. 165, 171 (S.D.N.Y. 2012) ("[I]f the Motion Picture is considered obscene, it may not be eligible for copyright protection."). *But see Jartech, Inc. v. Clancy*, 666 F.2d 403, 406 (9th Cir. 1982) (extending copyright protection to pornography); *Mitchell Brothers Film Group v. Cinema Adult Theater*, 604 F.2d 852, 854-58 (5th Cir. 1979) (same).

## II. Because Strike 3 cannot effectuate service without subpoenaing defendant's ISP, its case must be dismissed.

Denying Strike 3's discovery motion dooms its claim. Simply put, Strike 3's inability to identify defendant makes effectuating service or prosecuting the case impossible. So because Strike 3 cannot proceed with its claim, the Court dismisses it.

Strike 3 does not dispute this logic. It concedes "[d]efendant must be identified before this suit can progress." *See* Br. at 5-6 (internal quotation marks omitted) (quoting *Malibu Media, LLC v. Doe*, 177 F. Supp. 3d 554, 556 (D.D.C. 2016)). But "[w]ithout information from the ISP," Strike 3 admits it cannot "correlate the [infringing] IP address to its subscriber and identify Defendant as the person assigned the IP address." Br. at 6 (internal quotation marks omitted) (quoting *Strike 3 Holdings v. Doe*, No. 17-1680, 2017 WL 5001474, at *4 (D. Conn. Nov. 1, 2017)). And so Strike 3 "cannot name and serve those whom they allege to have infringed upon their copyrights." Br. at 6 (internal quotation marks omitted) (quoting *Call of the Wild Movie, LLC*, 770 F. Supp. 2d at 352-53).

Strike 3's lone rebuttal points out that "courts have rejected the dismissal of suits against unnamed defendants . . . until the plaintiff has had some opportunity for discovery to learn [the defendants'] identities." Br. at 6 (alterations in original) (internal quotation marks omitted) (quoting *Davis v. Kelly*, 160 F.3d 917, 921 (2d Cir. 1998)); *see also* Br. at 6 (quoting *Malibu Media, LLC v. Doe*, No. 15-986, 2015 WL 5173890 at *1 (D.D.C. Sept. 2, 2015)). But as this opinion has already explained, this case is exceptional, limited as Part I describes. Because Strike 3 chases a dead-end, the Court will deny as moot Strike 3's motion to extend the service deadline and dismiss the case.

## III. Conclusion

Armed with hundreds of cut-and-pasted complaints and boilerplate discovery motions, Strike 3 floods this courthouse (and others around the country) with lawsuits smacking of extortion. It treats this Court not as a citadel of justice, but as an ATM. Its feigned desire for legal process masks what it really seeks: for the Court to oversee a high-tech shakedown. This Court declines.

The Court denies Strike 3's ex parte motion [3] for discovery prior to the Rule 26(f) conference. Since this makes serving the defendant impossible, the Court denies as moot Strike 3's motion [4] extending time to effectuate service and dismisses the case without prejudice. An accompanying order will issue.

Date: November 16, 2018

Royce C. Lamberth
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | ) Civil Case No. 18-1425<br>)<br>) |
| JOHN DOE subscriber assigned<br>IP address 73.180.154.14, | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

## ORDER

In accordance with the accompanying memorandum opinion, the Court **DENIES** plaintiff's motion [3] for discovery prior to the Rule 26(f) conference. Since this makes prosecuting the suit impossible, the Court **DENIES** as moot plaintiff's motion [4] for extension of time to effectuate service and **DISMISSES** the case without prejudice.

Date: November 16, 2018

Royce C. Lamberth
United States District Judge